IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JACOB BARRETT,
          Plaintiff Pro Se,

            v

MAX WILLIAMS,
JEFF PREMO,
MICHELLE WHITNEY DODSON,
"JANE DOE",
JANNA RUSSELL,
OREGON DEPARTMENT OF CORRECTIONS,
          DEFENDANTS

CASE NO. 11-6358-HZ

CIVIL COMPLAINT

(JURY TRIAL DEMANDED)

## CIVIL COMPLAINT

(1) Plaintiff, Jacob Barrett, is an Oregon Department of Corrections (ODOC) prisoner housed in the New Mexico Corrections Department (NMCD) pursuant to the Interstate Corrections Compact (ICC) (ORS 421.245 to 421.250)

(2) Defendant Max Williams is the Director of the ODOC and acted under the color of law in his position as Director during the time the violations occurred. Defendant Williams is sued in his individual and official capacity.

(3) Defendant Jeff Premo is the Superintendent of the Oregon State Penitentiary (OSP) and acted under the color of law in his position as Superintendent during the time the violations occurred. Defendant Premo is sued in his individual and official capacity.

(4) Defendant Michelle Whitney Dodson is the Executive Assistant to the Superintendent of OSP and acted under the color of law in her position as Executive Assistant during the time the violations occurred. Defendant Dodson is sued in her individual and official capacities.

(5) Defendant "Jane Doe", is the Mailroom Administrator at OSP and acted under his authority under the color of law in his position as Mailroom Administrator during the time the violations occurred. Defendant Doe is sued in his individual and official capacities.

(6) Defendant Jana Russell is the Administrator of Behavioral Health Services for the ODOC and acted under the color of law in her position as Administrator of Behavioral Health Services during the time the violations occurred. Defendant Russell is sued in her individual and official capacity.

(7) Defendant Oregon Department of Corrections (ODOC) is the agency with the ultimate custody and control over plaintiff and which employs the other defendants and was acting under the color of law in its position as an agency during the time the violations occured. Defendant ODOC is sued in its individual and official capacity.

## II.
### JURISDICTION

(8) This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 42 USC § 1983, and over plaintiffs state law claims pursuant to relevent federal jurisdiction, Oregon Tort Claims Act and the ICC.

## III.
### VENUE

(9) Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occured in the district, one or more defendants reside in this district, and only the defendants can carry out the relief requested.

## IV.
### SUMMARY OF CASE

(10) Plaintiff alleges that defendants violated his Free Speech rights and right to rehabilitation and retaliated against plaintiff for bringing civil actions against ODOC officials in violation of federal and state constitutions and state statutory law when they violated a letter plaintiff wrote to plaintiffs cousin and for failing to provide rehabilitative treatment and programming.

## V.
### ADMINISTRATIVE REMEDIES

(11) Plaintiff exhausted all available administrative remedies. Plaintiff gave notice of tort to the defendants within 180 days of the alleged violations.

## VI.
### STATEMENT OF FACTS

(12) Plaintiff is an ODOC prisoner housed in the NMCD pursuant to the ICC.

(13) Plaintiff has a conviction for Aggravated Murder pursuant to ORS 163.105. In accordance with that 1994 arrest and subsequent conviction plaintiff was sentenced to life in prison with a 30 year minimum

(14) Pursuant to ORS 163.105 (1994) anytime after 20 years plaintiff may petition the Oregon parole

Board for a Rehabilitation Hearing (called a "Murder Review").

(15) Pursuant to ORS 163.105 (1994) plaintiff has the burden of proving ~~beyond~~ by preponderance of the evidence the likelihood of rehabilitation.

## (A) DENIAL OF FREE SPEECH

(16) A key tool in rehabilitation is maintaining healthy relationships with family and friends.

(17) Pursuant to Oregon Administrative Rule 291-131 the ODOC permits prisoners to prisoner correspondence.

(18) In January 2011 plaintiff wrote a letter to his cousin, Chris Weedmark #13949338, housed at OSP.

(19) On the envelope plaintiff drew a picture. The picture did not advocate violence, criminal activity or a disruption of the prison environment.

~~(20) On Febuary 2, 2011 plaintiff sends an appeal to Defendant Doe objecting to the violation and requesting to be compensated for lost postage.~~
(20) On Febuary 2, 2011 plaintiff received the letter back stamped, "Refused - Return to Sender - Violates Inmate Mail Rule - No writing on front of envelope".

(21) On Febuary 2, 2011 plaintiff sent an appeal to defendt Doe objecting to the violation and requesting to be compensated for lost postage.

(22) On Febuary 24, 2011 plaintiff received a response from defendant Premo stating:

> This is in response to your request for a mail review regarding a letter you sent to inmate Chris Weedmark, #13949338. The letter was returned to you due to art work being on the envelope.
> Oregon Revised Statute, 291-131-0025, Mail (Inmate) states, "Incoming Mail: (i) <u>Incoming mail shall require the sender's name and return address on the front of the envelope and shall be addressed to the inmate using only his/her committed name and SID number.</u>" (empasis in original)
> In accordance with the above rule, incoming mail will be denied and returned to sender if that mail contains anything other than postage, the senders name and return address and the addressed inmates name, SID number and address.
> You will not be reimbursed the postage of the letter to inmate Weedmark or the letter you sent appealing the violation.

(23) Attached to this Complaint as _Attachment No.1_ and incorporated herein by mention is a true copy of Defendant Premo's response.

(24) On March 8, 2011 plaintiff sent a second level grievance appeal to Jason Hanson, the grievance/mail review authority for OSP.

(25) On March 16, 2011 defendant Dodson responded stating:

> This is in response to your letter to Jason Hanson, OSP Grievance Coordinator, dated March 8, 2011, requesting a review of Superintendent Premo's decision denying your appeal for a mail violation.
> OAR 291-131-0037, Disposition of Prohibited Mail states, 'No administrative review shall be available if the rejection is based on the presence of an unauthorized attachment, substance or enclosure on or with the mail, or if the rejection is based on any violation not related to the written or pictorial content.
> You are not eligible for any further review on this issue. I consider the matter closed and no further communications on this topic will be addressed.

(26) Attached to this Complaint as _Attachment No.2_ and incorporated herein by mention is a true copy of Defendant Dodsons response.

(27) Plaintiff had, thus, exhausted all administrative remedies made available to him.

(28) Plaintiff gave Notice of Tort to the defendants on April 8, 2011 in an effort to resolve the dispute without further litigation.

(29) On April 26, 2011 the Oregon Department of Administrative Services responded they would contact plaintiff after conducting an investigation.

(30) Attached to this Complaint as _Attachment No. 3_ and incorporated herein by mention is a true copy of the Oregon Department of Administrative Services response.

(31) As of the date of the filing of this Complaint more than 180 days has expired and no final determination was given to plaintiff from the Oregon Department of Administrative Services.

(32) Envelope art is a unique and well established form of art. A number of card and gift stores in Oregon sell envelopes with art (e.g. Christmas, Easter, Birthdays, etc.)

(33) The art on the envelope which plaintiff drew was a form of expression.

(34) The envelope at issue in this case had inmate Weedmarks name, SID number and address as well as plaintiffs address writen clearly on the envelope.

(35) The envelope at issue in this case had art in the left hand corner of the envelope and did not obstruct any name or addresses.

(36) Defendant Doe was the mailroom censor who originally rejected and violated the piece of mail in question. Defendant Doe violated the letter solely for having art on the envelope. Defendant Doe personally participated in the violation.

(37) Defendant Premo in his position as superintendent reviewed defendant Does violation and rejection of the mail, utilized and interpreted the prison mail rule, and upheld Defendant Does rejection. Defendant Premo upheld the violation "due to artwork being on the envelope." Defendant Premo personally participated in the violation.

(38) Defendant Dodson in her position as the Executive Assistant of Defendant Premo reviewed Defendant Premo's rejection of the mail, utilized and interpreted the prison mail rule, and upheld the violation. Contrary to Defendant Doe and Premo's reasoning Defendant Dodson determined the violation was not based on "written or pictoral" content. Defendant Dodson personally participated in the violation.

(39) Defendant ODOC is the agency, that employs the other defendants and is liable for their training. The ODOC failed to properly supervise and train the other defendants and is ultimately liable for their actions.

(40) As applied to plaintiffs mail the reason for rejection was not rationally related to any legitimate security concern.

(41) A reasonable official in the position of any defendants would have been aware that the rule as applied to plaintiffs mail was a mail violation of plaintiffs clearly established rights.

(42) Plaintiff has pending legal actions against the defendants in state and federal court involving mail claims:

> (a) O'Neil (Barrett) v. Martin, et al, case No. 09C11417, Marion County Circuit Court; Oregon Ct. of Appeals No. A143429

> (b) Barrett v. Bellegue, et al, case no. 06-510-JE; 9th Cir. No. 11-35238

(43) The violation of the mail was in retaliation for the O'Neil and Barrett cases and for bringing other civil cases and not legitimately related to any penological objective.

Page 5 of 18

(44) Plaintiff has suffered economic and noneconomic damages in the amount of $100,000.

(45) The defendants actions were deliberate and done with ill will and malice.

## (B) DENIAL OF ADEQUATE REHABILITATIVE TREATMENT AND PROGRAMMING

### (a) INTERSTATE CORRECTIONS COMPACT

(46) Oregon and New Mexico are both contracting member states of the ICC. (See ORS 421.245 to 421.250 ; NMSA § 31-5-17 to § 31-5-19)

(47) The provisions of the ICC "shall be liberally construed." (Article X, of the ICC)

(48) Pursuant to Article IV (1) of the ICC the NMCD is acting as the "agent" of Oregon for the purpose of providing "adequate quarters and care or an appropriate program of rehabilitation or treatment."

(49) Pursuant to Article IV (e) of the ICC "the fact of confinement in a receiving state", in this case New Mexico, "shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state," in this case Oregon.

(50) Pursuant to Article IV (e) of the ICC any inmate confined pursuant to the terms of the ICC shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in any appropriate institution of the sending state located within such state.

(51) This action is an action plaintiff could have participated if housed in Oregon.

### (b) AGGRAVATED MURDER

(52) In September 1994 plaintiff was arrested and charged with Aggravated Murder in State v. Barrett, case No. 9402002CR, Klamath County Circuit Court of Oregon.

(53) Plaintiff was ultimately convicted and sentenced to life in prison with a 30 year minimum pursuant to ORS 163.105 (1994).

(54) Pursuant to plaintiffs sentence and conviction any time after 20 years plaintiff may petition the State Board of Parole to hold a Rehabilitation Hearing.

(55) The plaintiff has the burden of proving by preponderance of the evidence the likelihood of rehabilitation.

(56) If plaintiff fails to prove by preponderance of the evidence the likelihood of rehabilitation he can be held indefinately, for life.

(55) The Oregon Supreme Court, however, has determined that an inmate, such as plaintiff, who proves by a preponderance of the evidence the likelihood of rehabilitation plaintiff would be eligible for immediate release from the sentence. Janowski/Fleming v. Board of Parole 349 Or. 432, 245 P3d 1270 (2010); Severy/Wilson v. Board of Parole 349 Or. 461, 245 P3d 119 (2010).

(60) The Oregon Board of Parole has set a number of criteria for a prisoner to demonstrate a likelihood of rehabilitation, which includes:

> (a) inmates maturity, stability, demonstrated responsibility, and any apparent development in the inmates personality which may promote or hinder conformity to law;

> (b) inmates past use of narcotics or other danerous drugs, or past habitual and excessive use of alcoholic liquor;

> (c) the inmate does/does not have a mental or emotional disturbance, deficiency, condition or disorder predisposing them to the commission of a crime to a degree rendering them a danger to the health and safety of the community; and if

> (d) there is a reasonable probability that the inmate will remain in the community without violating the law, and there is substantial likelihood that the inmate will conform to the conditions of parole;

(See OAR 255-032-0015)

(61) In this petition plaintiff alleges he is being denied adequate, meaningful and timely rehabilitative treatment and programming. Plaintiff, for the purpose of this action, uses the term "Rehabilitative Treatment and Programming" defined as:

> (a) A treatment program that will address the Mental Health needs of plaintiff designed with the reasonable objective of rehabilitation and which will lead to a competent Mental Health professional to

make a finding that plaintiff is likely to be rehabilitated to a degree demonstrating maturity, stability, responsibility, personality improvement that promotes conformity to law; is sufficiently rehabilitated from any dangerous drugs, or habitual and excessive use of alcohol and that plaintiffs mental or emotional condition or defect won't render him a danger to the health and safety of the community; and that there is a reasonable probability that plaintiff would remain in the community without violating the law and is a substantial likelihood that plaintiff will conform to the conditions of parole.

(62) Plaintiff was incarcerated in the ODOC from December 1995 to May 2007. During that time plaintiff was never provided with Rehabilitative Treatment and Programming structured with the reasonable objective of rehabilitation:

(a) Plaintiff was never given a single Mental Health test or neurological test to determine if plaintiff suffered from a mental or emotional disturbance, deficiency, condition or disorder predisposing him to the commission of a crime to a degree rendering him a danger to the health and safety of the community;

(b) Plaintiff was never afforded drug and alcohol treatment that would accomplish the reasonable objective of rehabilitation;

(63) During plaintiffs incarceration in the ODOC he was housed almost continuously in isolation in the Intensive Management Unit (IMU) a "supermax" confinement facility.

(64) Conditions in "Supermax" units have been well documented to cause mental health problems in otherwise healthy prisoners.

(65) During plaintiffs incarceration in ODOC's IMU the IMU was designed for short-term housing only. Plaintiff, however, was incarcerated in it for over a decade in which he suffered significant abuses at the hands of prison guards including feces in food, assault, and deprivation of food for up to thirteen (13) days.

(66) A mental health professional determined in 2009 that plaintiffs existing mental Health disorders were exacerbated by confinement in supermax.

(67) At no time has the defendants provided plaintiff with Mental Health treatment to

rehabilitate plaintiff from those negitive effects.

(68) In May 2007 plaintiff was transfered from the ODOC to the Oklahoma Department of Corrections (Okl. DOC).

(69) Plaintiff was housed in the Okl. DOC from May 2007 to August 2010.

(70) While plaintiff was housed in the Okl. DOC plaintiff was housed at the Oklahoma State Penitentiary (OklSP), in the infamous supermax "H-Unit".

(71) During plaintiffs housing on H-Unit plaintiff was subject to assault and imminent threats of death by prison guards who attempted to have plaintiff killed by members of prison gangs. The actions against plaintiff are the subject of a lawsuit in Oregon state courts.

(72) Despite repeated requests plaintiff was never provided with rehabilitative treatment and programming while in the Okl. DOC.

(73) In 2009 plaintiff was examined by an independent mental health professional who gave plaintiff 34 mental health exams and tests. The mental health professional recommended in-patient mental health treatment and programming.

(74) Both Oregon and Oklahoma officials were made aware of the findings and recommendation for in-patient mental health treatment and programming. The defendants in this action were made aware but took no action on the recommendation.

(75) In August 2010 the ODOC moved plaintiff from the Okl. DOC to the New Mexico Corrections Department (NMCD).

(76) Upon arriving in the NMCD plaintiff submitted requests to be provided with Mental Health Rehabilitative Treatment and Programming. Plaintiff was informed the NMCD had no Mental Health Treatment and Programming structured toward rehabilitation and only provided treatment for "managment of symptoms in the prison environment."

(77) Plaintiff was informed by NMCD officials that plaintiff would have to write Oregon officials and request treatment through them.

(78) In March 2011 plaintiff wrote the ODOC Mental Health Administrator defendant Russell and Director of Corrections defendant Williams requesting that they initiate a Mental Health transfer pursuant to ORS 179.473 to 179.477 (1994), for the purpose of an evaluation for Mental Health and Drug and Alcohol Treatment and programming needs.

(79) In March 2011, defendant Russell responded denying plaintiffs request stating:

While you were incarcerated with the Oregon Department of Corrections, you were not found to have a serious mental illness. If something has changed and the New Mexico Department of Corrections is not able to manage your care within the law, the Oregon Department of Corrections will be notified.

(80) While housed in the ODOC plaintiff was on psychotropic medication and at various times had been diagnosed with:

        (a) Adjustment Disorder with Depressed Mood;
        (b) Conduct Disorder;
        (c) Antisocial Personality Disorder;
        (d) Bipolar Disorder I;
        (e) Bipolar Disorder II;
        (f) polysubstance Dependence;
        (g) Depression NOS;
        (h) Schizoaffective Disorder;
        (i) Schizoid Personality Disorder; and
        (j) Dependent Personality Disorder.

all of which are serious mental illnesses standing alone or taken together.

(81) Defendant Russells refusal of plaintiffs request was not motivated by genuine medical decision and factors but because the ODOC and state of Oregon benefit in criminal postconviction cases involving plaintiffs mental health. A mental health exam and test done by an independent mental health professional in accordance with ORS 179.473 to 179.477 (1994) would likely lead to a finding plaintiff had a mental health disorder which needed inpatient treatment (as the 2009 exam did). That would be detriment to the state of Oregon's argument in those cases that plaintiff does not have a mental health disorder.

(82) Defendants are attempting to prevent a diagnoses in order to prevent their arguments from being undercut in those case rather than based on any genuine mental health findings.

(83) In addition, plaintiff has had a long-standing diagnoses of Post-traumatic Stress Disorder (PTSD) before incarceration and Organic Brain Damage.

(84) At no time during plaintiffs incarceration over 17 years has ODOC ever given plaintiff any mental exams or tests structured to diagnose mental health disorders and identify specific needs.

(85) Plaintiff exhausted all administrative remedies.

(86) Plaintiff is still not receiving rehabilitative treatment and programming.

(87) Defendant Max Williams is responsible for plaintiffs treatment and programming pursuant to ORS 421.256 in every particular and is required pursuant to ORS 179.473 to 179.477 (1994) to initiate the evaluation and should have known or knew ~~that the decision supposedes to propressool of to ubes typing the~~ that refusal to have plaintiff evaluated and denial of rehabilitative treatment would violate plaintiffs clearly established rights. He was in a position to remedy the violation, was made aware of the violations, and personally participated by refusing to take action compounding the violations.

## VII
### CAUSES OF ACTION

### COUNT NO. 1

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, AND DOE VIOLATED PLAINTIFFS FREE SPEECH RIGHTS OF THE U.S. CONSTITUTIONS 1st AMENDMENT WHEN THEY REJECTED AND VIOLATED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ART WORK ON THE ENVELOPE, IN THE FOLLOWING PARTICULARS:

(88) Plaintiff realleges paragraph # 1 through # 45, incorporated herein by mention.

### COUNT NO. 2

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, AND DOE VIOLATED PLAINTIFFS RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT OF THE U.S. CONSTITUTIONS 8th AMENDMENT WHEN THEY VIOLATED AND REJECTED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ART WORK ON THE ENVELOPE IN RETALIATION FOR FILING LAWSUITS AGAINST THE DEFENDANTS, IN THE FOLLOWING PARTICULARS:

(89) Plaintiff realleges paragraph # 1 through # 45, incorporated herein by mention.

### COUNT NO. 3

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, AND DOE VIOLATED PLAINTIFFS RIGHT TO REHABILITATION IN THE 14th AMENDMENT DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION WHEN THE DEFENDANTS VIOLATED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ART WORK ON THE ENVELOPE, IN THE FOLLOWING PARTICULARS:

(90) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.


## COUNT NO. 4

PLAINTIFF ALLEGES THAT DEFENDANT WILLIAMS, PREMO, DODSON, DOE AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED PLAINTIFFS FREE SPEECH RIGHTS OF ARTICLE 1, SECTION 8 OF THE OREGON CONSTITUTION WHEN THEY VIOLATED AND REJECTED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ART WORK ON THE ENVELOPE AND THAT SAID VIOLATION CONSTITUTES A COMMON LAW CONSTITUTIONAL TORT UNDER OREGON LAW, IN THE FOLLOWING PARTICULARS:

(91) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.


## COUNT NO. 5

PLAINTIFF ALLEGES THAT DEFENDANT WILLIAMS, PREMO, DODSON, DOE, AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED PLAINTIFFS FREE SPEECH RIGHTS OF ARTICLE 1, SECTION 8 OF THE OREGON CONSTITUTION WHEN THEY VIOLATED AND REJECTED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ART WORK ON THE ENVELOPE AND THAT SAID VIOLATION CONSTITUTES A COMMON LAW ACTION OF NEGLIGENCE, IN THE FOLLOWING PARTICULARS:

(92) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.


## COUNT NO. 6

PLAINTIFF ALLEGES THAT DEFENDENT WILLIAMS, PREMO, DODSON, DOE, AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED PLAINTIFFS FREE SPEECH RIGHTS OF ARTICLE 1, SECTION 8 OF THE OREGON CONSTITUTION WHEN THE VIOLATED AND REJECTED A LETTER WRITTEN BY PLAINTIFF FOR HAVING ARTWORK ON THE ENVELOPE AND THAT SAID VIOLATION CONSTITUTES A COMMON LAW ACTION OF NEGLIGENCE PER SE, IN THE FOLLOWING PARTICULARS:

(93) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.


## COUNT NO. 7

PLAINTIFF ALLEGES THAT DEFENDANT WILLIAMS, PREMO, DODSON, DOE AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED PLAINTIFFS RIGHT TO BE FREE OF UNNECESSARY RIGOR AND CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF ARTICLE 1, SECTION 13 AND 16 FOR HAVING ART WORK ON THE ENVELOPE IN RETALEATION FOR FILING LAWSUITS AGAINST THE

DEFENDANTS AND SAID VIOLATION CONSTITUTES A COMMON LAW CONSTITUTIONAL TORT
UNDER OREGON LAW, IN THE FOLLOWING PARTICULARS:

(94) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.

## COUNT NO. 8

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, DOE AND OREGON DEPARTMENT OF
CORRECTIONS VIOLATED PLAINTIFFS RIGHT TO BE FREE OF UNNECESSARRY RIGOR AND CRUEL
AND UNUSUAL PUNISHMENT IN VIOLATION OF ARTICLE 1, SECTION 13 AND 16 FOR HAVING
ART WORK ON THE ENVELOPE IN RETALIATION FOR FILING LAWSUITS AGAINST THE DEFENDANTS
AND SAID VIOLATION CONSTITUTES A COMMON LAW ACTION OF NEGLIGENCE, IN THE
FOLLOWING PARTICULARS:

(95) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.

## COUNT NO. 9

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, DOE AND OREGON DEPARTMENT OF
CORRECTIONS VIOLATED PLAINTIFFS RIGHT TO BE FREE OF UNNECESSARY RIGOR AND CRUEL AND
UNUSUAL PUNISHMENT IN VIOLATION OF ARTICLE 1, SECTION 13 AND 16 FOR HAVING ART WORK
ON THE ENVELOPE IN RETALIATION FOR FILING LAWSUITS AGAINST THE DEFENDANTS AND SAID
VIOLATION CONSTITUTES A COMMON LAW ACTION OF NEGLIGENCE PER SE, IN THE FOLLOWING
PARTICULARS:

(96) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.

## COUNT NO. 10

PLAINTIFF ALLEGES THAT DEFENDANTS WILLIAMS, PREMO, DODSON, DOE AND OREGON DEPARTMENT OF
CORRECTIONS VIOLATED PLAINTIFFS RIGHT TO BE FREE SPEECH, TO BE FREE OF UNNECESSARY RIGOR
AND CRUEL AND UNUSUAL PUNISHMENT OF ARTICLE 1, SECTION 8, 13 AND 16 OF THE OREGON
CONSTITUTION WHEN DEFENDANTS VIOLATED MAIL WRITEN BY PLAINTIFF FOR HAVING
ARTWORK ON THE ENVELOPE AND SAID ACTIONS CONSTITUTE A COMMON LAW ACTION OF
INTERFERANCE WITH PROPERTY, IN THE FOLLOWING PARTICULARS:

(97) Plaintiff realleges paragraphs #1 to #45, incorporated herein by mention.

<u>COUNT NO. 11</u>

PLAINTIFF ALLEGES THAT THE DELAY AND DENIAL OF DEFENDANTS WILLIAMS AND RUSSELL TO INITIATE A MENTAL HEALTH EXAM PURSUANT TO ORS <u>179.473</u> to <u>179.477</u> FOR THE PURPOSE OF DIAGNOSING AND SETTING REHABILITATIVE TREATMENT AND PROGRAMMING VIOLATED PLAINTIFFS DUE PROCESS RIGHTS OF THE 14th AMENDMENT OF THE U.S. CONSTITUTION BY PREVENTING PLAINTIFF FROM MARSHALING EVIDENCE TO PROVE THE LIKELIHOOD OF REHABILITATION, IN THE FOLLOWING PARTICULARS :

(98) Plaintiff realleges paragraphs #<u>1</u> to #<u>15</u>, #<u>46</u> to #<u>87</u>, incorporated herein by mention.

<u>COUNT NO. 12</u>

PLAINTIFF ALLEGES THAT THE DELAY AND DENIAL OF DEFENDANTS WILLIAMS AND RUSSELL TO INITIATE A MENTAL HEALTH EXAM PURSUANT TO ORS <u>179.473</u> to <u>179.477</u> FOR THE PURPOSE OF DIAGNOSING AND SETTING REHABILITATIVE TREATMENT AND PROGRAMMING VIOLATED PLAINTIFFS RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT OF THE U.S. CONSTITUTION BY PREVENTING PLAINTIFF FROM REHABILITATION AND PROLONGING UNNECESSARILY AND UNREASONABLY PLAINTIFFS CONFINEMENT, IN THE FOLLOWING PARTICULARS :

(99) Plaintiff realleges paragraphs #<u>1</u> to #<u>15</u>, #<u>46</u> to #<u>87</u>, incorporated herein by mention.

<u>VIII.</u>
<u>REQUEST FOR RELIEF</u>

WHEREFORE, plaintiff respectfully requests this court to grant the following relief :

<u>DECLARATORY</u>

(100) That the court declare and order :

        (a) Defendant Williams, Premo, Dodson, and Doe violated plaintiffs Free Speech rights of the U.S. Constitution 1st Amendment when they rejected and violated a letter written by plaintiff for having art work on the envelope ;

        (b) Defendant Williams, Premo, Dodson, and Doe violated plaintiffs right to be free of Cruel and Unusual Punishment of the U.S. Constitution 8th Amendment when they violated and rejected a letter written by plaintiff

for having art work on the envelope in retaliation for filing lawsuits against the defendants;

(c) Defendants Williams, Premo, Dodson, and Doe violated plaintiffs right to rehabilitation in the 14th Amendment Due Process clause of the U.S. Constitution for when they violated and rejected a letter written by plaintiff for having art work on the envelope;

(d) Defendants Williams, Premo, Dodson, and Doe, and Oregon Department of Corrections violated plaintiffs Free Speech rights of Article 1, section 8 of the Oregon Constitution when they violated and rejected a letter written by plaintiff for having art work on the envelope and constitutes a ~~comnot~~ common law action for constitutional tort, negligence, and negligence per se;

(e) Defendants Williams, Premo, Dodson, Doe and Oregon Department of Corrections violated plaintiffs right to be free of unnecessary rigor and cruel and unusual punishment in violation of Article 1, section 13 and 16 for having art work on the envelope in retaliation for filing lawsuits against the defendants and said violation constitutes a common law action for constitutional tort, negligence, and negligence per se, and Interference with property;

(f) Defendants Williams and Russells delay and denial to initiate a mental health exam pursuant to ORS 179.473 to 179.477 for the purpose of diagnosing and setting rehabilitative treatment and programming violated plaintiffs Due Process rights of the 14th Amendment of the U.S. Constitution by preventing plaintiff from rehabilitation and prolonging unnecessarily and unreasonably plaintiffs confinement;

(g) Defendants Williams and Russells delay and denial to initiate a mental health exam pursuant to ORS 179.473 to 179.477 for the purpose of Diagnosing and setting rehabilitative treatment and programming violated plaintiffs right to be free of cruel and unusual punishment of the U.S. Constitution by preventing plaintiff from rehabilitation and prolonging unnecessarily and unreasonably plaintiffs confinement; ~~and other following~~

<u>COMPENSATORY</u>

(101) Order defendants to ~~play~~ pay plaintiff for any attorney fees, costs, court fees and litigation costs incurred as a result of this suit;

INJUNCTIVE

(102) Permanently enjoin defendants from taking any adverse action against plaintiff as a result of plaintiff bringing this action to bring the violation of plaintiffs rights to the attention of the court

(103) Order defendants to discontinue violating and rejecting incoming and outgoing prisoner mail on the basis it has art on the envelope unless that art work somehow poses a threat to the safety, security and orderly operation of the facility;

(104) Order defendants to immediately initiate a mental health exam pursuant to ORS 179.473 to 179.477 for the purpose of diagnosing and setting rehabilitative treatment and programming with the reasonable objective of rehabilitation.

OTHER RELEEF

(105) Retain jurisdiction to ensure that defendants fully comply with any equitable relief ordered;

(106) Order such other relief that this court finds just and appropriate.

DEMAND FOR JURY TREAL

(107) Plaintiff demands a jury trial of all issues triable by a jury.

Dated this 4 day of November , 2011

_____
Jacob Barrett #72237 , Plaintiff Pro Se

DECLARATION

I hereby declare that the above statements are true and correct to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to the penalty for perjury.

_____
Jacob Barrett #72237 , Plaintiff Pro Se

ATTACHMENT NO. 1



# Oregon

Theodore R. Kulongoski, Governor

**Department of Corrections**
Oregon State Penitentiary
2605 State Street
Salem, OR 97310
(503) 378-2453
FAX: (503) 378-3897



February 24, 2011

Mr. Jacob Barrett, NMCD #72237
Penitentiary of New Mexico
PO Box 1059
Santa Fe, New Mexico 87504-1059

Dear Mr. Barrett:

This is in response to your request for a mail review regarding a letter you sent to inmate Chris Weedmark, #13949338.  The letter was returned to you due to art work being on the envelope.

Oregon Revised Statute, 291-131-0025, Mail (Inmate) states, "Incoming Mail:  (1) <u>Incoming mail shall require the sender's name and return address on the front of the envelope and shall be addressed to the inmate using only his/her committed name and SID number.</u>"

In accordance with the above rule, incoming mail will be denied and returned to sender if that mail contains anything other than postage, the senders name and return address and the addressed inmate's name, SID number and address.

You will not be reimbursed the postage of the letter to inmate Weedmark or the letter you sent appealing the violation.

Sincerely,

Jeff Premo
Superintendent

JP:jhd

cc:     J. Hanson, Grievance/Mail Review
        File

ATTACHMENT NO. 2



# Oregon

Theodore R. Kulongoski, Governor

**Department of Corrections**
Oregon State Penitentiary
2605 State Street
Salem, OR 97310
(503) 378-2453
FAX: (503) 378-3897



March 16, 2011

Mr. Jacob Barrett, #72237
Penitentiary of New Mexico
PO Box 1059
Santa Fe, New Mexico 87504-1059

Dear Mr. Barrett:

This is in response to your letter to Jason Hanson, OSP Grievance Coordinator, dated March 8, 2011, requesting a review of Superintendent Premo's decision denying your appeal for a mail violation.

OAR 291-131-0037, Disposition of Prohibited Mail states, "No administrative review shall be available if the rejection is based on the presence of an unauthorized attachment, substance or enclosure on or with the mail, or if the rejection is based on any violation not related to the written or pictorial content."

You are not eligible for any further review on this issue. I consider the matter closed and no further communications on this topic will be addressed.

Sincerely,

Michelle Whitney Dodson
Executive Assistant to the Superintendent

mwd

cc:    J. Premo, Superintendent
       J. Hanson, Grievance/Mail Review
       File

ATTACHMENT NO. 3



**Oregon**

John A. Kitzhaber, MD, Governor

**Department of Administrative Services**
**State Services Division**
Risk Management
1225 Ferry Street SE, U150
Salem, Oregon 97301-4287
Phone (503) 373-7475
FAX (503) 373-7337

April 26, 2011

JACOB BARRETT /SID 72237
NORTH 3A-Q-107
PO BOX 1059
SANTA FE NM 87504

Re: Claimant:      Jacob Barrett
    Claim Number:  L146818
    Date of Loss:  February 02, 2011

ACKNOWLEDGMENT

We have received your notice of claim.

We are currently conducting an investigation through the Department of Corrections.  You will be contacted when it is completed.

Inmate Claims Unit

6818d26a

CERTIFICATE OF SERVICE AND MAILING

I, Jacob Barrett, certify under the penalty of perjury I mailed and served a true copy of the following documents:

Civil Complaint

Motion for Preliminary Injunction and Temporary Restraining Order

Affidavit of Jacob Barrett in Support of Motion for Preliminary Injunction and Temporary Restraining Order

Motion for Appointment of Counsel on Limited Basis

Letter Notifying defendants of Motion for Preliminary Injunction and Temporary Restraining Order

by mailing said copies by first class postage paid mail via the established prison mailing system, on the 4 day of _November_, 20 11, at the following address:

Dated this Oregon Attorney General
Department of Justice
1162 Court Street
Salem, Oregon 97301-4096

Dated this 4 day of _November_, 20 11.

Jacob Barrett # 72237
South 1B-F-109
P.O. Box 1059
Santa Fe, NM 87504