IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JACOB BARRETT,                                    CV. 11-6358-HZ

            Plaintiff,                                     ORDER

     v.

MAX WILLIAMS, et.al.,

            Defendants.


HERNANDEZ, District Judge.

     This 42 U.S.C. § 1983 civil rights action comes before the
court on Plaintiff's Motion for Preliminary Injunction and
Temporary Restraining Order (#5). Plaintiff asks the Court to
arrange for Plaintiff's transfer, pursuant to Or. Rev. Stat.
§§ 179.473-179.477, for the purpose of evaluation and/or treatment.
(#5.) Plaintiff provides a detailed list of the mental health
evaluations and tests he requests, and the required qualifications
of the professionals to be consulted. (*Id*.) For the reasons that
follow, Plaintiff's motion is DENIED.

1 -- ORDER

## STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is *likely* to succeed on the merits, [2] that he is *likely* to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.*, at 20 (emphasis added); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In the Ninth Circuit, assuming the other elements of the *Winter* test are met, a "sliding scale" approach may be taken and "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies*, 632 F.3d at 1131-35 ("'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test").

## DISCUSSION

Plaintiff filed this civil rights action on November 10, 2011, alleging Department of Corrections personnel are engaged in violating his First Amendment, Eighth Amendment, and Fourteenth Amendment rights under the United Stated Constitution (Counts 1-3; 11;12), and his rights under the Oregon Constitution (Counts 4-10)

2 -- ORDER

when they "restricted and violated a letter written by Plaintiff for having art work on the envelope" and delayed initiating mental health exams and rehabilitative treatment.   (#2, at 11-14.) Plaintiff filed the motion before the court for preliminary injunction and temporary restraining order with his complaint.

In the affidavit supporting the motion for preliminary injunction, Plaintiff argues "[t]his case raises several issues concerning whether the delay and/or absence of meaningful and adequate rehabilitative programming and treatment violates the rights of prisoners like plaintiff convicted under Aggravated Murder pursuant to ORS 163.105[;]" and that "[w]hile courts in general have not recognized an unequivocal right to rehabilitation for prisoners, a closer examination of the[] [previously cited] cases indicates at least one which sets the standard for a right to rehabilitation, and in some cases to be transferred to a mental hospital." (#6, at 2-3.)   Plaintiff asks this court to order a mental health evaluation pursuant to Fed. R. Civ. Proc. 35, and also cites to Oregon statutes authorizing the transfer of inmates to the Oregon State Hospital for evaluation. (*Id.*, at 4.)

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally not appropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. *University of Texas v. Camenisch*, 451 U.S. 391, 395

(1981); *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("the function of a preliminary injunction is to preserve the *status quo ad litem*"); *see also Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored). The injunctive relief that Plaintiff seeks changes the status of the parties and would, in essence, constitute a judgment on the merits of one or more of his underlying claims. It is therefore inappropriate. Moreover, Plaintiff has not shown that he is likely to succeed on the merits of the claims tied to the injunctive relief he seeks. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); *see also* 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn).

<u>**CONCLUSION**</u>

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (#5) is DENIED.

IT IS SO ORDERED.

DATED this  2nd  day of January, 2012.


 /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge