IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JACOB HENRY BARRETT,
           Plaintiff Pro Se,

      vs.

MAX WILLIAMS,
JEFF PREMO,
MICHELLE WHITNEY DODSON
"JANE DOE"
OREGON DEPARTMENT OF CORRECTIONS

      DEFENDANTS.

CASE NO.  11-6358-HZ

AMENDED COMPLAINT

FILED 27 FEB '12 11:03 USDC-ORP

COMPLAINT

Jacob Barrett #72237

P.O. Box 1059
Santa Fe, NM, 87504
          Plaintiff Pro Se

Oregon Attorney Generals Office
Jacqueline Kamins
Department of Justice
1162 Court Street NE
Salem, OR 97301

I.

PARTIES

(1) Plaintiff, Jacob Barrett, is an Oregon Department of Corrections (ODOC) prisoner in the New Mexico Corrections Department (NMCD) pursuant to the Interstate Corrections Compact (ICC) (ORS 421.245 to 421.250)

(2) Defendant Max Williams is the Director of the ODOC and acted under the color of law in his position as Director during the time the violations occurred. Defendant Williams is sued in his individual and official capacity.

(3) Defendant Jeff Premo is the Superintendent of the Oregon State Penitentiary (OSP) and acted under the color of law in his position as Superintendent during the time the violations occurred. Defendant Premo is sued in his individual and official capacity.

(4) Defendant Michelle Whitney Dodson is the Executive Assistant to the Superintendent of OSP and acted under the color of law in her position as Executive Assistant during the time the violations occurred. Defendant Dodson is sued in his individual and official capacities.

(5) Defendant "Jane Doe", is the Mailroom Administrator at OSP and acted under his authority under the color of law in his position as Mailroom Administrator at all times during the time the violations occurred. Defendant "Doe" is sued in his individual and official capacity.

(6) Defendant Oregon Department of Corrections (ODOC) is the agency with the ultimate custody and control over plaintiff and which employs the other defendants and was acting under the color of law in its position as an agency during the time the violations occured. Defendant ODOC is sued in its individual and official capacity.

AMENDED COMPLAINT

## II.

### JURISDICTION

(1) This Court has jurisdiction over this action pursuant to 28 USC § 1331 § 1343, and over the state law claims pursuant 28 USC § 1367, and jurisdiction pursuant to 42 U.S. § 1983.

## III.

### VENUE

(1) Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occured in the district, one or more defendants resides in this district, and only the defendants can carry out the relief requested.

## IV.

### SUMMARY OF CASE

(1) I am alleging that the defendants violated my Free Speech rights and Due Process rights of the 1st and 14th Amendments of the U.S. Constitution, and of Free Speech, Expression of the Oregon Constitution Article 1, section 8, or when they violated a letter written by me to my cousin, an ODOC prisoner, because the envelope had art on it. I further allege that the violation was in retaliation for bringing other civil actions against ODOC officials for mail violations and that the retaliation violates the 8th Amendment of the U.S. Constitution, as well as Oregon Constitution Article I, section 13 and sec 16, prohibitions against Unnecessary Rigor and Cruel and Unusual Punishment. Lastly, I allege the defendants actions violate my rights and constitute common law actions for Negligence and Negligence Per Se, Interferance with Property, and Harassment.

## V.

### ADMINISTRATIVE REMEDIES

(1) I exhausted all available administrative remedies. I gave notice of tort to defendants within 180 days of the alleged violations.

AMENDED COMPLAINT

VI.

STATEMENT OF FACTS

(1) In January 2011 I wrote a letter to my cousin, Chris Weedmark #13949338, housed at OSP.

(2) On the envelope I drew a picture. The picture did not advocate violence, criminal activity or a disruption of the prison environment.

(3) On February 2, 2011 I received the letter back stamped "Refused Return to Sender - Violates Inmate Mail Rule" and in black marker was written "No writing on front of envelope".

(4) On Febuary 2, 2011 I sent an appeal to defendant Doe objecting to the violation and requesting to be compensated for lost postage.

(5) On Febuary 24, 2011 I received a response to my appeal from Defendant Premo rejecting my appeal and stating, "The letter was returned to you due to art work being on the envelope." (See Attachment No.1, incorporated herein by mention, Defendant Premo's response).

(6) Defendant Premo further cited Oregon Administrative Rule (OAR) 291-131-0025 as his authority for the violations.

(7) On March 8, 2011 I sent a second level grievance appeal to Jason Hanson, the grievance/mail review authority for OSP. On March 16, 2011 defendant Dodson responded stating the appeal was denied because no administrative review was available. (See Attachment No.2, incorporated herein by mention, Defendant Dodsons response)

(8) While Defendant Premo stated the violation was for art on the envelope Defendant Dodson claimed the violation was "based on the presence of an unauthorized attachment, substance, or enclosure on or with the mail," and not "related to the written or pictorial content". (See Attachment No.2, citing OAR 291-131-0037)

(9) I gave Notice of Tort to the defendants on April 8, 2011 in an effort to resolve the dispute without further litigation.

(10) On April 26, 2011 the Oregon Department of Administrative Services responded they would contact me after conducting an investigation. (See Attachment No.3, incorporated herein by mention, the Oregon Department of Administrative Services response).

(11) As of this date and the filing of the Complaint more than 180 days have expired and no final determination was given to plaintiff from the Oregon Department of Administrative Services.

(12) Plaintiff has pending legal actions against ODOC officials in state and federal court involving mail violation claims.

(13) I have suffered economic and noneconomic damages in the amount of $100,000

VII.
CAUSES OF ACTION

(A) CAUSE OF ACTION NO. 1 : FREE SPEECH / EXPRESSION (FEDERAL CONSTITUTION)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO AND DODSON VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO THE FIRST AMENDMENT OF THE U.S. CONSTITUTION IN THE FOLLOWING PARTICULARS :

(1) I realledge Section VII, paragraphs #1 to #13, incorporated herein by mention as if fully set out here.

(2) I allege that envelope art is a unique and well established form of art. I allege a number of card and gift stores in Oregon (and throughout the U.S.) sell envelopes with art on them (e.g. Christmas, Easter, Valentines, Birthdays, etc).

(3) I allege that the blanket ban by defendants on envelope art is not rationally related to legitimate penological objectives.

(4) I allege the violation of my letter for having ~~carved~~ art on the envelope was an unreasonable application of the ODOC mail prohibition rules, and as applied to my mail was not rationally related to any legitimate security concerns.

(5) I allege that the blanket ban by defendants on envelope art is overbroad.

(6) Defendant "Doe" is the mailroom censor who originally rejected and violated the mail in question in this action and continues to enforce the blanket ban on envelope art. Defendant Doe violated the mail because art was on the envelope and not because that art promoted violence, criminal activity or other disruption of the prison environment. Defendant Doe knew or should have known that violating mail for having art on the envelope was an unrealistic and unreasonable application of prison rules AND a reasonable official in Defendant Doe's position knew or should have known such action would violate my clearly established rights.

(7) Defendant Premo in his position as superintendent reviewed defendant Doe's violation and rejection of the mail, utilized and interpreted the prison mail rule, and upheld Defendant Doe's rejection. Defendant Premo upheld the violation "due to artwork being on the envelope." Defendant Premo personally participated in the violation. Defendant Premo knew or should have known that violating mail for having art on the envelope was an unrealistic and unreasonable application of prison rules and a reasonable official in Defendant Premo's position knew or should have known such action would violate my clearly established rights.

(8) Defendant Dodson in her position as Executive Assistant to Defendant Premo reviewed Defendant Premo's rejection of the mail, utilized and interpreted the prison mail rule, and upheld the violation. However, despite having been violated for art on the envelope Defendant Dodson claimed the violation was not based on "written or pictoral" content.

(9) The change in reasoning for the violation demonstrates, in the least, that defendant Dodson knew or should have known that violating mail for art on the envelope was an unreasonable application of prison rules and an official in Defendant Dodsons position knew or should have known such action would violate my clearly established rights.

(10) Defendant Dodsons change in reasoning stating the violation was not for "written or pictoral" content was a belated attempt to justify the violation.

(11) Defendants "Doe", Premo and Dodsons actions were deliberate and done with ill will and malice.

(B) CAUSE OF ACTION NO. 2: DUE PROCESS (FEDERAL CONSTITUTION)

I ALLEGE THAT THE DEFENDANTS PREMO AND DODSON DENIED ME DUE PROCESS PURSUANT TO THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION WHEN THEY REJECTED MAIL FOR ART ON THE ENVELOPE AND DID NOT PERMIT MEANINGFUL REVIEW OF THE VIOLATION IN THE FOLLOWING PARTICULARS:

(1) I reallege Section VI, paragraphs #1 to #13, incorporated herein by mention as if fully set out here.

(2) I reallege Section VII(A) paragraphs #1 to #11, incorporated herein by mention as if fully set out here.

(3) I was not permitted a reasonable and fair opportunity to object to the violation. In particular Defendant Dodson refused to review my objections stating the material was not violated due to "written or pictoral" content despite both "Doe" and Premo having clearly stated it was.

(4) Defendant Dodson did not reasonably or fairly consider my appeal and, in fact, refused to consider it.

(5) I was not permitted a reasonable and fair opportunity to be heard on the violation.

<u>(C) CAUSE OF ACTION NO. 3 : FREE SPEECH/EXPRESSION (STATE CONSTITUTION)</u>

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO, DODSON AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO OREGON CONSTITUTION ARTICLE I , SECTION 8 IN THE FOLLOWING PARTICULARS :

(1) I realleage Section VI, paragraphs #1 to #13 , incorporated herein by mention as if fully set out here.

(2) I realleage Sec VII(A), paragraph #1 to #11 , incorporated herein by mention as if fully set out here.

(3) Defendant Oregon Department of Corrections (ODOC) is the agency with the custody and control over me and employs the other defendants. The ODOC failed to properly train the other defendants in mail procedures and that failure to train resulted in and/or contributed to the other defendants actions. An agency in the position of the ODOC knew or should have known the violation of mail would violate my clearly established rights.

## (D) CAUSE OF ACTION NO. 4 : NEGLIGENCE (COMMON LAW)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO AND DODSON VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AND CONSTITUTES A STATE COMMON LAW ACTION FOR NEGLIGENCE IN THE FOLLOWING PARTICULARS:

(1) I reallege section VI, paragraphs #1 to #13, incorporated herein by mention as if fully set out here.

(2) I reallege section VII (A), paragraph #1 to #11, incorporated herein by mention as if fully set out here.

(3) I reallege Section VII (C), paragraph #3, incorporated herein by mention as if fully set out here.

(E) CAUSE OF ACTION NO. 5: NEGLIGENCE PER SE (COMMON LAW)

1 ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO, AND DODSON VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AND CONSTITUTES A STATE COMMON LAW ACTION FOR NEGLIGENCE PER SE IN THE FOLLOWING PARTICULARS:

(i) I reallege SECTION VII (D), paragraph # 1 to # 3, incorporated here by mention as if fully set out here.

AMENDED COMPLAINT

## (F) CAUSE OF ACTION NO. 6 : NEGLIGENCE (COMMON LAW)

I ALLEGE THAT THE VIOLATIONS OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO, DODSON AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO OREGON CONSTITUTION ARTICLE I, SECTION 8 AND CONSTITUTES A STATE COMMON LAW ACTION FOR NEGLIGENCE IN THE FOLLOWING PARTICULARS :

(1) I reallege Section VII (D), paragraph #1 to #3, incorporated here by mention as if fully set out here.

AMENDED COMPLAINT

(G) CAUSE OF ACTION NO. 7 : NEGLIGENCE PER SE (COMMON LAW)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANTS "DOE", PREMO, DODSON AND OREGON DEPARTMENT OF CORRECTIONS VIOLATED MY RIGHT TO FREE SPEECH AND EXPRESSION PURSUANT TO OREGON CONSTITUTION ARTILLE I , SECTION 8 AND CONSTITUTES A STATE COMMON LAW ACTION FOR NEGLIGENCE PER SE IN THE FOLLOWING PARTICULARS :

(i) I reallege Section III (D), paragraph #1 to #3 , incorporated here by mention as if fully set out here.

(H) CAUSE OF ACTION NO. 8: RETALIATION (FEDERAL CONSTITUTION)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANT "DOE", PREMO, AND DODSON WAS DONE IN RETALIATION FOR FILING CIVIL ACTIONS AGAINST THE OREGON DEPARTMENT OF CORRECTIONS AND SAID SAID ACTION VIOLATES THE PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION IN THE FOLLOWING PARTICULARS:

(1) I reallege Section VII (D), paragraph #1 to #3, incorporated here by mention as if fully set out here.

(2) The defendants violation was not reasonably related to any legitimate security concern and was designed to be an arbitrary obstruction of my mail and to prevent communication for having pending civil actions against the NMCO and was meant to interfere with my property and otherwise harass me in retaliation for those actions.

(I) CAUSE OF ACTION NO. 9 : RETALIATION (STATE CONSTITUTION)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANT "DOE", PREMO, ~~BOB~~ DODSON, AND OREGON DEPARTMENT OF CORRECTIONS WAS IN RETALIATION FOR FILING CIVIL ACTIONS AGAINST OREGON DEPARTMENT OF CORRECTIONS OFFICIALS AND CONSTITUTES A VIOLATION OF OREGON CONSTITUTION ARTICLE 1, SECTION 13 AND 16 PROHIBITION AGAINST ~~CRUEL~~ UNNECESSARY RIGOR AND CRUEL AND UNUSUAL PUNISHMENT IN THE FOLLOWING PARTICULARS :

(1) I reallege Section VII (H), paragraph # 1 to # 2 , incorporated here by mention as if fully set out here.

(J) CAUSE OF ACTION NO. 10: INTERFERANCE WITH PROPERTY (COMMON LAW)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY "DOE", PREMO, DODSON AND OREGON DEPARTMENT OF CORRECTIONS WAS IN RETALIATION FOR FILING CIVIL ACTIONS AGAINST ~~UNNECESSARY~~ THE OREGON DEPARTMENT OF CORRECTIONS OFFICIALS AND CONSTITUTES A STATE COMMON LAW ACTION OF INTERFERANCE WITH PROPERTY IN THE FOLLOWING PARTICULARS:

(1) I reallege Section VII (H), paragraph #1 to #2, incorporated here by mention as if fully set out here.

### (K) CAUSE OF ACTION NO. 11 : HARASSMENT (COMMON LAW)

I ALLEGE THAT THE VIOLATION OF A LETTER FOR HAVING ART ON THE ENVELOPE BY DEFENDANT "DOE", PREMO, DODSON AND OREGON DEPARTMENT OF CORRECTIONS WAS IN RETALIATION FOR FILING CIVIL ACTIONS AGAINST THE OREGON DEPARTMENT OF CORRECTIONS OFFICIALS AND CONSTITUTES A STATE COMMON LAW ACTION OF HARASSMENT IN THE FOLLOWING PARTICULARS :

(1) I reallege Section VII (H), paragraph #1 to #2, incorporated here by mention as if fully set out here.

## VIII.

### RELIEF REQUESTED

I respectfully request this court answer the following relief:


(A) DECLARATORY

(1) Declare the violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to the 1st Amendment of the U.S. Constitution;

(2) Declare the defendants denied me due process pursuant to the U.S. Constitution 14th Amendment when they rejected mail for art on the envelope and did not permit me a fair meaningful review of the violation or opportunity to be heard and object to the violation;

(3) Declare the defendants violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to the Oregon Constitution Article I, Section 8;

(4) Declare the violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to the 1st Amendment of the U.S. Constitution and such actions constitute a state common law Negligence;

(5) Declare the violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to the 1st Amendment of the U.S. Constitution and such actions constitute a state common law Negligence Per Se;

(6) Declare the violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to Article I, section 8 of the Oregon Constitution and such actions constitute a state common law Negligence;

(7) Declare the violation of a letter for having art on the envelope by defendants violated my right to Free Speech and Expression pursuant to Article I, section 8 of the Oregon Constitution and such actions constitute a state common law Negligence Per Se;

(8) Declare that the violation of a letter for Having art on the envelope by defendants was done in retaliation for filing civil actions against the CDOC and said action violates the 8th Amendment of the U.S. Constitution;

(9) Declare the violation of a letter for having art on the envelope by defendants was done in retaliation for filing civil actions against the ODOC and said action violates Oregon Constitution Article 1, Section 13 and 16;

(10) Declare the violation of a letter for having art on the envelope by defendants was done in retaliation for filing civil actions against the ODOC and constitutes an unlawful interferance with property;

(11) Declare the violation of a letter for having art on the envelope by defendants was done in retaliation for filing civil actions against the ODOC and constitutes a state law claim of Harassment;

(B) <u>INJUNCTIVE RELIEF</u>

(1) Issue an injunction against the defendants prohibiting them from preventing prisoners from sending or receiving art on an envelope unless that art violates other mail provisions, such as advocates criminal activity, facilitates escape or disruption of the prisons safety, security and orderly operation;

(2) Issue an injunction against defendants requiring them to put a notice in all established prison inmate newsletters produced by ODOC prisons informing prisoners they are permitted to send and receive envelopes with art on them.

(3) Issue an injunction against defendants requiring them to not take any further adverse or retaliatory action against plaintiff for filing grievances or civil actions;

. (C) COMPENSATORY

(i) Award compensatory damages jointly and severly against ~~the~~ defendants Williams, Premo, Dodson, "Doe", ODOC as follows:

      (a) $10,000 for cause of Action No. 1;
      (b) $100,000 for cause of Action No. 4;
      (c) $100,000 for cause of Action No. 5;
      (d) $100,000 for cause of Action No. 6;
      (e) $100,000 for cause of Action No. 7;
      (f) $100,000 for cause of Action No. 8;
      (g) $100,000 for cause of Action No. 9;
      (h) $100,000 for cause of Action No. 10;
      (i) $100,000 for cause of Action No. 11;

(2) Award costs and fees I have incurred in this action;

(D) PUNITIVE

(i) Award punative damages jointly and severly against defendants Williams, Premo, Dodson, "Doe", ODOC as follows:

      (a) $50,000 for retaliation against me.

Dated this _22_ day of _Febuary_ , 2012

Jacob Barrett,
            Plaintiff Pro Se

## DECLARATION

I Jacob Barrett, swear under the penalty of perjury, under the laws of the U.S. and Oregon, that the information contained in this complaint is true and correct to the best of my knowledge and belief.

Dated this __22__ day of ___Febuary___, 2012

Jacob Barrett,
                    Plaintiff Pro Se