IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,

        Plaintiff,

    v.

MAX WILLIAMS, et al.,

        Defendants.

Case No. 6:11-cv-06358-HZ

OPINION & ORDER

Jacob Barrett
#72237
North 3A-Q-107
Penitentiary of New Mexico
PO Box 1059

    Pro Se Plaintiff

Shannon M. Vincent
OREGON DEPARTMENT OF JUSTICE
Trial Division, CLS
1162 Court Street, NE
Salem, OR 97301-0346

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Jacob Barrett, appearing pro se and proceeding in forma pauperis ("IFP"), filed two motions that are currently before this Court: a motion for appointment of counsel [106] and a motion for reconsideration of my November 14, 2013, Opinion & Order [105]. For the reasons set forth below, I GRANT Plaintiff's motion for appointment of counsel and DENY Plaintiff's motion for reconsideration.

## BACKGROUND

Plaintiff Jacob Barrett is an inmate of the Oregon Department of Corrections ("ODOC") and is currently in the custody of the Florida Department of Corrections. Plaintiff was previously in the custody of the New Mexico Corrections Department ("NMCD") and while there, sent an envelope with a drawing on it to his cousin who was an inmate at the Oregon State Penitentiary ("OSP"). Because Plaintiff's mailing violated ODOC's policy precluding envelopes with drawings on them, Plaintiff's mailing was returned. Plaintiff alleges that Defendants violated his First Amendment free speech rights and his Fourteenth Amendment due process rights when they rejected his mailing.

Defendants filed a motion for summary judgment on all of Plaintiff's claims. I concluded in my November 14, 2013, Opinion & Order that Defendants were entitled to qualified immunity insofar as Plaintiff sought money damages.[1] I, however, denied Defendants' motion for summary judgment as to Plaintiff's First Amendment free speech claim, which alleges that Defendants violated Plaintiff's First Amendment free speech rights when they rejected his envelope containing a drawing on it.

---

[1] Plaintiff also alleged that Defendants rejected his envelope in retaliation for filing actions against ODOC and NMCD. As discussed in my November 14, 2013, Opinion & Order, Plaintiff failed to create a triable issue of fact as to this claim.

2 - OPINION & ORDER

**STANDARDS**

**I. Motion for Counsel**

When a plaintiff is proceeding IFP, as here, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional right to counsel in a civil case, and 28 U.S.C. § 1915 does not "authorize appointment of counsel to involuntary service." U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(e)(1), "the decision to appoint . . . counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks and citation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

**II. Motion for Reconsideration**

Rule 60 of the Federal Rules of Civil Procedure allows a party to file a motion seeking relief from a final judgment or order. Fed. R. Civ. P. 60(b). "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citation omitted). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Id. The

Ninth Circuit has cautioned that Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Motion for Appointment of Counsel

As discussed in my November 14, 2013, Opinion & Order, Defendants failed to demonstrate they were entitled to summary judgment as to Plaintiff's claim that Defendants violated his First Amendment free speech rights when rejecting his mailing containing a drawing on it. For the same reasons discussed in my November 14, 2013, Opinion & Order, I find Plaintiff will likely succeed on his First Amendment claim. Considering that this action is on the eve of trial, Plaintiff would benefit from the assistance of counsel at this time. Accordingly, I grant Plaintiff's motion for counsel.[2]

### II. Motion for Reconsideration

Plaintiff asks me to reconsider my November 14, 2013, Opinion & Order, in which I held that Defendants were entitled to qualified immunity for money damages because the rights Plaintiff asserted were not "clearly established." Pl.'s Mot. for Recons. 1-2. Plaintiff does not argue that his motion for reconsideration must be granted based on newly discovered evidence or an intervening change in controlling law. Rather, Plaintiff argues that I committed clear error because his rights were "clearly established" at the time his mailing was rejected and because Defendants should have reasonably known that their conduct violated his rights. Id. at 2. I disagree.

---

[2] Defendants did not file a response to Plaintiff's motion for counsel.

4 - OPINION & ORDER

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (internal quotation marks and citation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Willden, 678 F.3d at 999-1000 (internal quotation marks and citation omitted). As explained in my November 14, 2013, Opinion & Order, it was not sufficiently clear at the time of Defendants' conduct that rejecting all envelopes with drawings on them pursuant to an institutional-wide policy banning all such mailings violated Plaintiff's First Amendment rights. The contours of Plaintiff's rights in such circumstances were simply not sufficiently clear that every reasonable official would have understood that what he was doing violated Plaintiff's rights. None of the cases on which Plaintiff relies establishes that under the facts here, Defendants violated clearly established law. In short, I am not left with a definite and firm conviction that a mistake has been committed in this instance. Plaintiff's motion to reconsider is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5 - OPINION & ORDER

Case 6:11-cv-06358-HZ   Document 108   Filed 02/26/14   Page 6 of 6

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for appointment of counsel [106] is GRANTED and Plaintiff's motion for reconsideration [105] is DENIED.

IT IS SO ORDERED.

Dated this  26  day of February, 2014.

*[signature]*
MARCO A. HERNANDEZ
United States District Judge

6 - OPINION & ORDER